RACHEL LEDERMAN (SBN 130192)
Rachel Lederman & Alexsis C. Beach
Attorneys at Law
558 Capp Street
San Francisco, CA  94110
Telephone: 415.282.9300; Fax: 415.285.5066
Email:  rachel@beachledermanlaw.com

Attorneys for Plaintiff Albert James Burleson, Jr.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JAMES BURLESON, JUNIOR,<br><br>Plaintiff,<br><br>v.<br><br>SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART); OFFICER DARNELL BUSSEY; OFFICER MYRON LEE; BRENTON LOWE; FRANK LOWE; BART POLICE CHIEF KENTON RAINEY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. _____<br><br>**COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND OTHER WRONGS**<br><br>**42 U.S.C. § 1983**<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT
*Burleson v. BART, et al.*, Case No.          1

## I. INTRODUCTION

1. This is a civil rights complaint arising from BART Police racial profiling, brutality, and wrongful arrest and imprisonment of plaintiff ALBERT JAMES BURLESON, JR. on August 17, 2014.

2. Plaintiff had just entered the Powell Street BART station on his way home from work when he was accosted and violently taken to the ground and handcuffed by BART Police Officer DARNELL BUSSEY, assisted by other officers, including an off duty Oakland Police officer and a retired Oakland Police officer, and in front of numerous onlookers. Plaintiff had done nothing wrong, and although BUSSEY initially claimed plaintiff matched the description of a panhandler who had assaulted a woman, nothing about plaintiff matched the description the woman had given, save his skin color: Black.

3. After taking plaintiff to the BART police substation, BUSSEY acknowledged that he had made a mistake. But when plaintiff said he was going to make a complaint, BUSSEY and other BART Police officers and supervisors arrested plaintiff and caused him to be incarcerated overnight in the San Francisco Jail even though the woman who had been assaulted had verified that he was not the guy and did not match the description.

4. Defendants' actions were bias motivated and deprived plaintiff of his right to be free from unreasonable searches and seizures; to equal protection of the laws and to due process of law; to be free from the use of excessive and/or arbitrary force; and to be free from unreasonable, summary punishment, all guaranteed by the United States Constitution.

## II. JURISDICTION AND VENUE

5. This action arises under Title 42 of the United States Code, §1983. This Court has jurisdiction over the action under 28 U.S.C. §§1331 and 1343.

6. Plaintiff has filed an administrative claim with the Bay Area Rapid Transit District in compliance with California Government Code §§910 et seq.

7. Venue properly lies within this District under 28 U.S.C. §1391(b). The named Defendants perform their official duties in this District, and the events and omissions giving rise to plaintiffs' claims occurred in this District.

## III. INTRADISTRICT ASSIGNMENT

8. Pursuant to Local Rule 3-2, this action may properly be assigned to the San Francisco or Oakland divisions of this court.

## IV. THE PARTIES

**Plaintiff**

9. Plaintiff ALBERT JAMES BURLESON, JR. is an adult resident of California.

**Defendants**

10. Defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT (BART) is, and at all times herein mentioned was, a public entity duly organized and existing under the laws of the State of California.

11. Defendant BART POLICE CHIEF KENTON RAINEY was the Chief of Police for BART at the time of the subject incident.

12. Defendants OFFICERS DARNELL BUSSEY and MYRON LEE were BART Police Officers at the time of the subject incident, who participated in the police conduct complained of.

COMPLAINT
*Burleson v. BART, et al.*, Case No.          3

13. Defendant BRENTON LOWE was an off duty Oakland Police Officer, and defendant FRANK LOWE was a retired Oakland Police Officer, who participated in the BART Police conduct complained of.

14. All of the individual defendants are being sued in their individual and official capacities.

15. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. The DOE defendants include other individuals who participated in the conduct complained of herein. Plaintiffs are informed and believe and therefore allege that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, violation of constitutional and legal rights, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, or control or upon any other act or omission. Plaintiffs will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

16. In doing the acts alleged herein, defendants, and each of them, acted within the course and scope of their employment.

17. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted under color of authority and/or under color of law.

18. In doing the acts and/or omissions alleged herein, defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other defendants.

## V. FACTUAL ALLEGATIONS

19. On August 17, 2014, at approximately 6:45 p.m., plaintiff entered the Powell Street BART station in San Francisco, on his way home from work.

20. Plaintiff had just come down the escalator to wait for his train, when defendant Officer BUSSEY asked if he could speak to him. BUSSEY told plaintiff that someone had been attacked by a Black male with a grey jacket. The description that had gone out was actually of a Black man dressed in black, no grey jacket.

21. Plaintiff told BUSSEY that he had the wrong person. BUSSEY grabbed Plaintiff, knocking him off balance and pulling him toward the train tracks. Plaintiff took a step back to avoid falling off the platform, and BUSSEY pushed him against the wall. An off duty Oakland Police Officer, defendant BRENTON LOWE, and a retired Oakland Police Officer, defendant FRANK LOWE, assisted BUSSEY, defendant BART Police Officer MYRON LEE, and another unknown BART police officer, in violently taking plaintiff to the ground and handcuffing him. Defendants, including BUSSEY, LEE, BRENTON LOWE, FRANK LOWE and a DOE officer used excessive and unnecessary force, kneeling on Plaintiff's neck and back with their full weight, causing him extreme pain. This took place on the BART platform in full view of numerous commuters, humiliating plaintiff. Plaintiff verbally protested, stating that he had not done anything. The officers told plaintiff he matched the description of a

Black man who had attacked a woman, and took plaintiff upstairs to the BART Police substation.

22. Once plaintiff was in the police substation, BUSSEY apologized, telling plaintiff they had made a mistake. But when plaintiff said that he was going to file a complaint, BUSSEY told him he was under arrest. Plaintiff was put in a holding cell and the complaining witness was brought in. She verified that plaintiff was not the person who had attacked her and did not match the description she had given: a bald, Black panhandler wearing a black shirt and black pants. Plaintiff is not bald, and was neatly dressed for work in a red shirt, grey jacket, and light brown dress shoes. Only plaintiff's skin color matched the complaining witness' description.

23. BUSSEY and other unknown BART officers and supervisors then transported plaintiff to the San Francisco Jail, where he was incarcerated until 5 a.m. the next day. Plaintiff was never charged with any offense as a result of this incident.

24. Plaintiff never engaged in any conduct justifying the use of force against him or his detention or arrest. Rather, these actions were based on racism and racial profiling of him as an African American man.

25. Plaintiff was deeply humiliated and embarrassed by defendants' wrongful abuse of him in front of so many people in the crowded Powell Street BART station. He relives the traumatic incident in flashbacks every day. He is afraid to ride BART and is extremely anxious that he will be attacked again by the police because of his race, but, he has to ride BART on a daily basis to get to and from work.

26. As a result of defendants' use of excessive force, plaintiff suffered adhesive capsulitis in his shoulder, as well as abrasions, bruising, swelling, and other injuries to his neck,

shoulders, back, arm and hip. He was in pain for months and continuing to this day. Although there has been some improvement, plaintiff is in pain every day while sitting down for long periods as he must do at his job in customer service, and the pain and flashbacks still keep him up some nights.

## VI. REQUISITES FOR RELIEF

27. Plaintiff is informed and believe that the violations of his constitutional and lawful rights complained of herein were caused by customs, policies, directives, practices, acts and omissions of authorized policy makers of defendant SAN FRANCISCO BAY AREA RAPID TRANSIT DISTRICT, including defendant BART Police Chief KENTON RAINEY and other supervisory officials of the BART Police and BART, who encouraged, authorized, directed, condoned, and ratified the unconstitutional and unlawful conduct complained of herein. Said customs, policies and practices include, but are not limited to racial profiling, the use of excessive force, and/or other customs, policies and/or practices subject to continuing discovery.

28. Plaintiff is informed and believes that defendant Chief KENTON RAINEY, and DOES 1-50 and/or each of them, caused the violation of plaintiff's federal constitutional rights as a result of their supervisory malfeasance and/or deliberate indifference to the need for more or different training, supervision and/or discipline of BART Police personnel including, but not limited to, defendants BUSSEY, LEE and DOES 1-50, and/or each of them, to prevent the foreseeable violation of the plaintiff's federal constitutional rights.

29. As a direct and proximate result of the conduct of defendants described herein, plaintiffs have been denied their constitutional, statutory and legal rights as stated

below, and have suffered general and special damages, including but not limited to, physical injuries and bodily harm, pain, fear, trauma, mental and emotional distress, anxiety, humiliation, embarrassment, and other damages in an amount according to proof.

30. The individual defendants' acts were willful, wanton, malicious and oppressive and done with conscious disregard and deliberate indifference for plaintiffs' rights.

31. Plaintiffs have incurred, and will continue to incur, attorneys' fees and costs in amounts to be determined according to proof.

## VII. CLAIMS FOR RELIEF

### ONE - VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)

32. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

33. Defendants' above-described conduct violated plaintiff's right to be free from unreasonable seizures and unnecessary, excessive and/or arbitrary force, detention and imprisonment without reasonable or probable cause, under the Fourth Amendment to the United States Constitution.

### TWO - VIOLATION OF FIRST AMENDMENT (42 U.S.C. § 1983)

34. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

35. Defendants' above-described conduct violated plaintiff's right to freedom of speech, under the First Amendment to the United States Constitution.

### THREE - VIOLATION OF FOURTEENTH AMENDMENT (42 U.S.C. § 1983)

36. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

37. Defendants' above-described conduct violated plaintiff's rights to not be deprived of liberty without due process of law, to personal liberty and freedom of movement, and to equal protection of the laws, under the Fourteenth Amendment to the United States Constitution.

### FOUR – ASSAULT AND BATTERY

38. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

39. Defendants' above-described conduct constituted assault and battery.

### FIVE – FALSE IMPRISONMENT

40. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

41. Defendants' acts of arresting plaintiff and causing him to be incarcerated at the jail constituted false imprisonment.

### SIX – VIOLATION OF RALPH CIVIL RIGHTS ACT

42. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

43. Defendants' above-described conduct was motivated by racial bias.

44. Defendants' above-described conduct violated plaintiff's right to be free from violence and intimidation by threat of violence because of his actual or perceived race, color, and/or ancestry, in violation of California Civil Code section 51.7.

### SEVEN – VIOLATION OF BANE CIVIL RIGHTS ACT

45. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

46. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with plaintiffs' peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code section 52.1.

### EIGHT - NEGLIGENCE

47. Plaintiff re-alleges and incorporates by reference the preceding paragraphs of this Complaint.

48. Defendants had a duty of care to plaintiff to ensure that defendants did not cause unnecessary or unjustified harm to plaintiff, and a duty of care to hire, train, supervise and discipline BART Police officers and their agents so as not to cause harm to plaintiff and prevent violations of plaintiff's constitutional, statutory and common law rights.

49. The above-described acts and omissions of defendants breached the duty of care defendants owed to plaintiff.

### VIII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and each of them, as follows:

1. For general and compensatory damages for violation of plaintiff's federal and state constitutional and statutory rights, pain and suffering, all to be determined according to proof;

2. For punitive and exemplary damages in amounts to be determined according to proof as to the individual defendants;

3. For an award of statutory damages and penalties pursuant to Cal. Civil Code section 52 to be determined according to proof;

4. For attorneys' fees pursuant to 42 U.S.C. § 1988 and California Civil Code section 52(b) and section 52.1(h), and California Code of Civil Procedure section 1021.5;

5. For costs of suit;

6. For pre- and post-judgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

### IX. JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial.

### X. CERTIFICATION OF INTERESTED ENTITIES OR PERSONS

Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the named parties, there is no such interest to report.

Dated: December 15, 2014          /S/
                                  RACHEL LEDERMAN
                                  Attorney for plaintiff
                                  ALBERT JAMES BURLESON, JUNIOR